IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02091-PAB-MJW

CYNTHIA BATCHELOR,

Plaintiff,

v.

VIKING INSURANCE COMPANY OF WISCONSIN,

Defendant.

---

### ORDER REGARDING
### DEFENDANT'S MOTION FOR PROTECTIVE ORDER PURSUANT TO F.R.C.P. 26(C) AND STAY OF DISCOVERY REGARDING BAD FAITH CLAIMS
### (DOCKET NO. 21)

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendant's Motion for Protective Order Pursuant to F.R.C.P. 26(c) and Stay of Discovery Regarding Bad Faith Claims (docket no. 21). The court has reviewed the subject motion (docket no. 21), the response (docket no. 26), and the reply (docket no. 27). In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

In the subject motion (docket no. 21), Defendant seeks an Order from this court staying discovery as to Plaintiff's bad faith claims until the Defendant's Motion for Bifurcation (docket no. 11) is decided, and in the event that the Defendant's Motion for Bifurcation (docket no. 11) is granted by Judge Brimmer, that discovery be stayed as to

2

the bad faith claims until the auto injury claim is resolved.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That a party may move for a protective order preventing discovery of certain matters to protect it from undue burden or expense. Fed. R. Civ. P. 26(c);

5. That the Defendant's Motion to Bifurcate (docket no. 11) is ripe for ruling before Judge Brimmer as of November 17, 2011. See docket nos. 11, 15, 17 and 18;

6. That Plaintiff has conceded in her Response (docket no. 26) to the subject motion (docket no. 21) that **"there is little discovery for Plaintiff to obtain with respect to her personal injury claim."** See Response (docket no. 26), page 4 at paragraph 4 at the top of the page. It should be noted that Plaintiff has two paragraphs numbered 4 in her Response (docket no. 26); and

7. That Defendant has demonstrated that a stay of discovery as to Plaintiff's bad faith claims only is warranted until Judge Brimmer

3

rules on Defendant's Motion to Bifurcate (docket no. 11). Defendant has shown that it would suffer undue burden and expense, under Fed. R. Civ. P. 26(c), if discovery is not stayed as to Plaintiff's bad faith claims until after Judge Brimmer rules on Defendant's Motion to Bifurcate (docket no. 11). Ecrix Corp. v. Exabyte Corp., 191 F.R.D. 611, 617 (D. Colo. 2000). Accordingly, in this court's discretion and in the interest of justice pursuant to S.E.C. v. Nacchio, 2005 WL 1799372 (D. Colo. July 28, 2005), the Defendant's Motion for Protective Order Pursuant to F.R.C.P. 26(c) and Stay of Discovery Regarding Bad Faith Claims (docket no. 21) should be granted.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Defendant's Motion for Protective Order Pursuant to F.R.C.P. 26(c) and Stay of Discovery Regarding Bad Faith Claims (docket no. 21) is GRANTED. Discovery is STAYED as to Plaintiff's bad faith claims only until the Defendant's Motion for Bifurcation (docket no. 11) is decided by Judge Brimmer. In the event that the Defendant's Motion for Bifurcation (docket no. 11) is granted by Judge Brimmer, discovery shall be stayed as to the bad faith claims until the auto injury claim is resolved. If Judge Brimmer denies

4

Defendant's Motion for Bifurcation (docket no. 11), then Plaintiff may file a motion to vacate the stay on discovery as to Plaintiff's bad faith claims; and

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 12th day of January 2012.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE