IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02091-PAB-MJW

CYNTHIA BATCHELOR,

    Plaintiff,

v.

VIKING INSURANCE COMPANY OF WISCONSIN,

    Defendant,

# ORDER

This matter is before the Court on the Motion to Bifurcate [Docket No. 11] filed by defendant Viking Insurance Company of Wisconsin ("Viking"). The motion is fully briefed and ripe for disposition.

## I. BACKGROUND

This action arises out of an insurance dispute between plaintiff Cynthia Batchelor and Viking. On December 3, 2009, plaintiff was injured in an accident with an underinsured motorist. At the time, plaintiff had an automobile insurance policy issued by Viking and filed a claim to cover her injuries pursuant to the underinsured motorist ("UIM") provision of her policy. Viking allegedly denied plaintiff's claim and refused to pay the UIM benefits under the policy. Docket No. 2 at 4, ¶ 11. As a result of Viking's denial, on July 8, 2011, plaintiff filed a complaint in the District Court for Pueblo County, Colorado [Docket No. 2]. Plaintiff brought claims against Viking for breach of insurance contract, unreasonable delay in the payment of insurance coverage in violation of Colo.

Rev. Stat. § 10-3-1116, and common law bad faith. Docket No. 2 at 4-6. On August 10, 2011, Viking removed the case to this Court [Docket No. 1].

In the instant motion, Viking requests that the Court bifurcate the case and order two separate trials, with the first trial determining plaintiff's right to UIM benefits (the liability phase) and the second trial resolving plaintiff's claims for statutory insurance penalties and common law bad faith (the damages phase). Docket No. 11 at 1-2. Viking argues that bifurcation is appropriate to avoid unfair prejudice, promote judicial efficiency, and avoid jury confusion.

## II. STANDARD OF REVIEW

Rule 42(b) of the Federal Rules of Civil Procedure allows a court to order a separate trial of one or more separate claims "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b); *King v. McKillop*, 112 F. Supp. 2d 1214, 1221 (D. Colo. 2000). Courts have wide discretion in deciding whether to bifurcate or sever issues for trial. *Easton v. City of Boulder, Colo.*, 776 F.2d 1441, 1447 (10th Cir. 1985). Bifurcation is appropriate if the court finds that it will: 1) avoid prejudice; 2) be more convenient; or 3) be conducive to expedition and economy. *McKillop*, 112 F. Supp. 2d at 1221. Although it is not an abuse of discretion to bifurcate a trial if the interests of judicial expedition and economy "favor separation of issues and the issues are clearly separable," bifurcation is an abuse of discretion if it is unfair or prejudicial to a party. *Angelo v. Armstrong World Indus., Inc.*, 11 F.3d 957, 964 (10th Cir. 1993).

**III. ANALYSIS**

Viking argues that it will be subject to prejudice if evidence of settlement negotiations that are relevant to the bad faith and unreasonable delay claims are introduced during the trial on the breach of contract claim. Docket No. 11 at 6. Viking asserts that, not only does the introduction of such evidence violate Rule 411 of the Federal Rules of Evidence, but it could improperly influence the jury during its deliberations. *Id*. at 4. The Court is not convinced that there is a substantial risk of juror confusion or prejudice. Jurors are often asked to comprehend issues in civil litigation that are considerably more complex than the issues in this case. Clear jury instructions and clear arguments of counsel will enable jurors to understand the different sets of issues presented. For example, the jury can be instructed that, if it finds plaintiff is not entitled to UIM benefits, then it should not consider any of the evidence related to § 10-3-1116 or the bad faith claim. Although Viking argues that the jury may be improperly influenced by evidence it should not consider, limiting instructions during the trial can avoid any such prejudice.

Moreover, although Viking argues that the introduction of settlement offers may prove prejudicial at trial, neither side has identified a particular offer that could prove prejudicial. In fact, defendant states that "Plaintiff's only argument for bad faith is a difference in opinion on the value of Plaintiff's claim." Docket No. 18 at 5, ¶ 13. This suggests that the offers involve differences in valuation and would not be so inherently prejudicial as to deny defendant a fair trial.

Next, Viking argues that bifurcation will conserve judicial resources. Viking contends that a separate trial on plaintiff's contract claim may negate the need for a trial

3

on plaintiff's statutory and bad faith claims. On the other hand, plaintiff contends that bifurcation would result in prejudice to her because she would be forced to present the same evidence and witnesses twice. Docket No. 17 at 4. Plaintiff also asserts that she will be prejudiced because of the possibility of substantial delay, as the case will involve two separate discovery periods and separate trials. *Id*. at 3-4. Furthermore, plaintiff states that Viking has indicated that, if its request to bifurcate were granted, then it would seek a stay of discovery for the damages trial. *Id*. The Court agrees with plaintiff.

It is likely that a substantial portion of the evidence overlaps in both sets of claims. *See Baros v. Sentry Ins.*, No. 11-cv-02487-LTB-KLM, 2012 WL 846706, at *2 (D. Colo. March 12, 2012) (denying motion to bifurcate because evidence in both the § 10-3-1116 claim and the UIM benefits insurance claim will overlap). Moreover, it is likely that the same witnesses from the insurance company will testify regarding both the insurance coverage and the determination of whether plaintiff was entitled to coverage, and if so, the value of that coverage. *Id*. Thus, in terms of convenience and judicial economy, the potential benefit of bifurcation is minimal.

In conclusion, the Court finds that bifurcation will not result in measurable gains in judicial economy and that bifurcated trials would result in substantial delay and duplication of evidence which do not further the goals set out in Rule 42(b). *Angelo*, 11 F.3d at 964. The Court, however, will consider proposals to stagger the presentation of evidence during the trial in order to address some or all of defendant's concerns.

## IV. CONCLUSION

Accordingly, it is

**ORDERED** that the Motion to Bifurcate [Docket No. 11] is **DENIED**.

DATED June 7, 2012.

          BY THE COURT:

          s/Philip A. Brimmer
          PHILIP A. BRIMMER
          United States District Judge